## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **Ocean Spray Cranberries, Inc.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| **Wedge Water, LLC** | ) | |
| **d/b/a/ Wave Soda** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Ocean Spray Cranberries, Inc. ("Ocean Spray" or "Plaintiff"), by and through its attorneys, as and for its Complaint against Wedge Water, LLC, alleges and states as follows.

## NATURE OF THE ACTION

1.   This is an action for a declaratory judgment of noninfringement of a trademark and trade dress, a declaratory judgment of no false or misleading advertising, and a petition to cancel U.S. Trademark Registration No. 5571632, all under the Lanham Act, 15 U.S.C. § 1051, et seq.

## VENUE AND JURISDICTION

2.   Jurisdiction is proper in the Court because the litigation arises under federal law, namely, the Lanham Act, 15 U.S.C. § 1052, et seq.  The Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338(a) (trademarks), and 2201 (Declaratory Judgment Act).

3.   This Court has personal jurisdiction over Defendant because Defendant does business within this judicial district. On information and belief, millions of dollars of Defendant's products are sold across the United States, including in this judicial district and elsewhere.

4.   Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) in that Defendant is subject to personal jurisdiction in, and does business in, this judicial district.

5.   An actual case or controversy has arisen between the parties. The facts alleged herein show that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## THE PARTIES AND THE PRODUCTS AT ISSUE

### PLAINTIFF

6.   Plaintiff Ocean Spray is a Delaware corporation with a place of business at One Ocean Spray Drive, Lakeville-Middleboro MA 02349.

7.   Founded in 1930, Ocean Spray is one of the world's foremost manufacturers and marketers of cranberries and of beverages and snacks which contain fruit or fruit juices.

8.   The OCEAN SPRAY brand is famous.

9.   Ocean Spray is a cooperative owned by over 700 cranberry farmers.

10. While the original business was based on cranberries, and cranberries and cranberry juices remain an important part of the business, Ocean Spray has created many juice-based products that combine juice flavors, with or without cranberries.

11. The iconic and also famous Ocean Spray logo, in use since at least 1964, contains an ocean wave breaking over the words OCEAN SPRAY and is commonly referred to as the "Ocean Spray Wave Logo."



12. Ocean Spray has used the WAVE motif in other branding. For example, Ocean Spray used the word-mark WAVE to identify fruit-based beverages at least as early as 2013. An example of the product is pictured below:



13. Ocean Spray is the owner of federal Trademark Registration No. 4641901 for the mark OCEAN SPRAY WAVE for fruit juice and fruit juice drinks, issued November 18, 2014, based on a filing date of March 22, 2013 (the "Ocean Spray Wave Registration").  A true and correct copy of the Ocean Spray Wave Registration and status page is attached as Exhibit 1 hereto.

THE CAFFEINATED SPARKLING FRUIT JUICE CATEGORY

14.  Upon information and belief, consumers are looking for a healthier alternative to more sugary sodas.

15. Sparking fruit juices with caffeine are a popular trending consumer product not unique to any one company in the beverage industry.

16. There are many brands of sparkling, fruit-flavored water with caffeine in the market today.

17. Many of these brands use bright colors, presumably to attract attention and reflect the fruitiness and vibrancy of the flavors.

18. In March, 2021, Ocean Spray launched a line of sparkling fruit-juice beverages under its registered trademark OCEAN SPRAY WAVE (the "OCEAN SPRAY WAVE Products.")

19.  The new OCEAN SPRAY WAVE Products contain a combination of fruit juices, sparkling water and a small amount of caffeine.

20. The new OCEAN SPRAY WAVE Products were developed in close collaboration with certain major retailers to meet consumer demand for this type of product.

21. The OCEAN SPRAY WAVE Products are sold in standard single-serve soda cans, an example of which is pictured below:



22. The OCEAN SPRAY WAVE Product cans display the iconic OCEAN SPRAY WAVE Logo on a white background centered above a stylized depiction of the word WAVE in a script-style font centered above colorful stylized depictions of the fruits whose juices are in the product in the can's lower third (the "OCEAN SPRAY WAVE Trade Dress.")

DEFENDANT AND ITS PRODUCTS

23. On information and belief, Defendant Wedge Water, LLC is a Delaware limited liability company with a place of business at 1780 La Costa Meadows Drive, Suite 105, San Marcos, California 92078.

24. On information and belief, Wedge Water, LLC also does business as Wave Soda, LLC.

25. On information and belief, Wedge Water, LLC was formed in September, 2016.

26. Wedge Water, LLC (hereafter "Wedge Water" or "Defendant") markets and distributes a line of lightly caffeinated, sparkling fruit juices.

27. Wedge Water products are distributed in single-serve cans (the "Wedge Water Products").

28. The Wedge Water Products are offered in cans with a white background displaying a semicircular logo in the upper one-third of the can encompassing the word NEW contained with a graphic depiction of the fruit flavor of the beverage centered above a block-lettered-depiction of the word WAVE which is itself centered above a prominent graphic of a Volkswagen type of van with a surfboard leaning against the van.

29. When two cans of the Wedge Water Product are lined up next to each other with the front of one can and back of the other can showing, the edge of the white background depicts an outline of the California coastline separating the white and color portions of the front and rear of the can.

30. This coastline motif appears intended to further the "surfer vibe" of the Wedge Water trade dress.

31. According to the website of the Specialty Food Association, https://www.specialtyfood.com/organization/157449/wedge-water-llc/, the Wedge Water Product flavors include Apple, Blackberry, Blueberry, Cucumber, Grapefruit, Mango, and Tangerine.  That website identifies the dates on which each of these seven flavors entered the U.S. marketplace, all of which fall within 2017 or 2018, the earliest being May, 2017.

32. Below is a screen capture of the Wedge Water Product trade dress as depicted on the Specialty Food Association website, showing the California coastline motif:



33. Defendant maintains a website found at www.wavesoda.com.

34. Like the Specialty Food Association website, the Wave Soda website indicates the same seven flavors of Wedge Water Products.

35. The trade dress of the Wedge Water Products as shown on the www.wavesoda.com website is different, however, from that depicted on the Specialty Food

Association website, in that each can also has a colored band around the top corresponding to the flavor of the product:

   

  

36. This suggests that the Wedge Water Products have not been marketed under a consistent trade dress since inception.

37. Wedge Water attempted, but failed, to register the mark WAVE for Aerated water; Club soda; Cream soda; Italian soda; Non-alcoholic beverages flavored with tea; Soda water; Soft drinks, namely, sodas; Aerated water; and Ice cream soda in a trademark

application (Serial No. 88092312) filed based on intent-to-use with the U.S. Patent and Trademark Office (the "USPTO") on August 24, 2018 and abandoned on June 11, 2019.

38. According to the records of the USPTO, the application was refused based on confusing similarity with a prior registration (Reg. No. 3954769) for the mark WAVE covering "beverages, namely flavored water" (the "Prior Registration").

39. A copy of the specimen of use filed by the owner of that live Prior Registration demonstrating how that mark is used in commerce (as filed with the USPTO in March, 2021,) is pictured below:



40. By virtue of the Prior Registration, Wedge Water, was and is on *actual notice* that it does not and cannot claim exclusive rights to the word WAVE with respect to fruit-based drinks, nor (based on this reference and common practice in the marketplace) can it claim exclusive trade dress rights to a fruit motif on the can.

41.  Presumably in order to get around this registration refusal, Wedge Water filed on June 21, 2017 an intent-to-use-based application to register the mark NEW WAVE for "Aerated water; club soda; cream soda; ice cream soda; Italian soda; non-alcoholic beverages flavored with tea; soda pops; soda water; soft drinks, namely, sodas," which matured into U.S. Federal Trademark Registration  No. 5571632 on September 26, 2018.

42. On information and belief, Wedge Water did not have use of any mark containing the term WAVE before 2016.

43. On information and belief, Wedge Water can claim no rights in any mark containing the term WAVE prior to Ocean Spray's rights in the mark OCEAN SPRAY WAVE, which date back to at least 2013.

THIRD PARTY PRODUCTS

44. There are numerous other brands of sparkling water beverages with fruit juice and small amounts of caffeine currently available in the marketplace.

45. Many of these brands feature packaging using bright colors and/or drawings that depict or suggest the fruit whose flavor is contained in the beverage.  Still others feature cans with white backgrounds.

46. For example, a search on Amazon.com for sparkling, caffeinated water reveals the following products, *inter alia*:













## THE CEASE AND DESIST LETTER

47.   On April 9, 2021, Ocean Spray received a cease and desist letter from Andrew Levine of Braun Hagey & Borden advising that he represents Wave Soda, LLC [sic], the owner of the registered trademark No. 5571632 for the mark NEW WAVE ("The Letter"). A true and correct copy of The Letter is attached as Exhibit 2 hereto.

48.   The Letter refers to Ocean Spray's products as the "OCEAN SPRAY WAVE" products.

49.   The Letter accuses Ocean Spray of infringing "Wave Soda's" trademark and trade dress rights through Ocean Spray's line of OCEAN SPRAY WAVE products.

50.   According to the USPTO database, there is no registration for the mark NEW WAVE owned by an entity named Wave Soda, LLC.

51.   As noted above, according to the USPTO database, *Wedge Water, LLC* is the owner of record of U.S. Registration No. 5571632 for mark NEW WAVE.

52.   The Letter advises that Wave Soda, LLC, is a "rapidly growing beverage company based in San Marcos, California."

53. A search of the database of the California Secretary of State, however, reveals no record for an LLC named Wave Soda, LLC in San Marcos, California, or at all.

54. Despite the fact that there are many brands of sparking water with fruit juice and a small amount of caffeine for sale on Amazon, Mr. Levine's letter claims that his client "pioneered an entirely new product category."

55. The Letter emphasizes that the surfer motif is an important part of Wave Soda's branding: "Wave's growing team shares [the founder's] passion for beverages and an active lifestyle—*the Wave Soda Surfboard and VW van are not just for show*" (emphasis added).

56. The Letter does not advise what the elements of the claimed trade dress are, or why they are protectible, stating only that [Wave Soda's] "distinctive trademark and trade dress appear as follows" attaching a photo of several cans of the Wedge Water Products and of the Wedge Water Products and OCEAN SPRAY WAVE Products side-by-side.

57. Merely stating that the trade dress is as shown in a photo of the product is not sufficient to articulate a claim of trade dress infringement or to put a defendant in a position to determine what part of a product's packaging might constitute protectable trade dress.

58. The Letter also falsely suggests that Ocean Spray deliberately copied [Wave Soda's] "formula, trademark, trade dress, and marketing strategy."

59. The Letter offers no possibility of settlement short of a "court order barring Ocean Spray from continuing to market and sell the infringing product."

60. The Letter threatens a lawsuit unless Ocean Spray capitulates no later than April 20, 2021, and ceases production by April 20, 2021, the *only* compromise contemplated being "a sell-through of a portion of Ocean Spray's existing inventory."

61. Ocean Spray responded to The Letter on April 20, 2021, denying all claims. A copy of Ocean Spray's response is Exhibit 3 hereto.

62. The Letter is utterly confusing as to who owns the trademarks and trade dress claimed in The Letter, what that trade dress *is*, and how Ocean Spray is alleged to be infringing.

63. The Letter thus forces Ocean Spray to seek declaratory relief as to whatever alleged rights are improperly asserted in The Letter.

64. Regardless of the lack of proper specificity in The Letter, it is clear that Ocean Spray is not infringing the trademarks or any trade dress of whoever actually owns the intellectual property vaguely asserted in The Letter.

65. First, Ocean Spray has overall priority of use of its mark OCEAN SPRAY WAVE, as covered by Ocean Spray's prior federal registration and prior use.

66. Second, regardless of the details of the claimed trade dress, which are not provided, and are not conceded, The Letter makes clear that the surfer motif is a key element of the trade dress and branding. It is obvious that the OCEAN SPRAY WAVE Product trade dress has no surfer motif.

FALSE ADVERTISING

67. The Letter also contains an imprecise but credible threat of false advertising. The Letter states:

> *Ocean Spray's marketing pitch for the Infringing Products is virtually identical to the marketing of Wave Soda as a new product category offering. By way of example, the Wave Soda website states:*
>
> > *What started as a local fruit stand is now an all-natural, healthy soda brand that's sold and distributed across the country. Founder and CEO, Nat Noone, saw*

*a need in the beverage industry for a guilt-free carbonated drink, with the added benefit of caffeine, so Wave Soda came to be.*

*Similarly, Ocean Spray's inaugural press release announcing the Infringing Products sought to position Ocean Spray Wave in the exact same market niche that Wave Soda pioneered, a new product category that "bridges the gap" between soda and healthier carbonated drinks:*

> *Ocean Spray Wave bridges the gap for consumers who want a lightly caffeinated option – with the convenience and flavor of soda – but without the added sugars.*

68. The Letter also claims that, "while Wave [Soda] has not yet had the benefit of discovery, internal Ocean Spray documents are likely to reveal that Ocean Spray was aware of Wave's pioneering product and decided to copy its formula, trademark, trade dress, *and marketing strategy*" (emphasis added).

69. Ocean Spray cannot determine whether this is a threat of false advertising, or just speculative bluster. To preserve its rights, Ocean Spray seeks declaratory relief in the form of an order that the text referred to in The Letter is not false or misleading advertising.

## PROBLEMS WITH WEDGE WATER'S NEW WAVE TRADEMARK REGISTRATION

70. Finally, there are substantial flaws in Defendant's claimed trademark rights.

71. As noted above, Wedge Water, LLC owns U.S. Federal Trademark Registration No. 5571632, issued September 26, 2018, based on a filing date of June 21, 2017, citing an intent to use the mark NEW WAVE in commerce for "Aerated water; club soda; cream soda; ice cream soda; Italian soda; non-alcoholic beverages flavored with tea; soda pops; soda water; soft drinks, namely, sodas."

72. Intent to use applications are filed based on an applicant's bona fide intent to use the mark in commerce on *each and all* the goods listed in the application.  15 U.S.C. § 1501(b).

73. Such an application cannot proceed to registration unless the applicant files a verified statement that the mark is in use on each and all the goods set forth in the application and provides acceptable specimens of actual use for at least one good in each international class. 15 U.S.C. § 1501(d).

74. On July 3, 2018, counsel for Wedge Water, Michael Schinner, of Schinner & Shain, LLP, filed and signed, under oath, a Statement of Use asserting that the mark NEW WAVE was in use in commerce on each and all the goods listed in the Application, claiming a first use date of January 10, 2017.

75. As a Specimen of Use, Mr. Schinner filed screenshots from his client's Instagram account.

76. On information and belief, Wedge Water did not have use of the mark NEW WAVE on club soda, cream soda, ice cream soda, or nonalcoholic beverages flavored with tea as of the date of the filing of the Statement of Use, namely, July 3, 2018.

77. The specimens were rejected by the USPTO because they showed the mark NEW WAVE SODA, not NEW WAVE.

78. On August 18, 2018, Mr. Schinner's colleague, Frederick Koenen, submitted another specimen to the USPTO, declaring, again under oath, that the mark was in use in commerce on each and every good listed in the pending application.

79. Mr. Koenen advised that the specimen consisted of "[p]ackaging containing product with owner's trademark."

80. On information and belief, the new specimen submitted by Mr. Koenen on August 18, 2018 was *fake* and did not constitute an actual photograph of the goods as sold in

commerce.  It was not "[p]ackaging containing product with owner's trademark," but was merely an artist's rendering of the design of a can.

81. That that the new specimen is not an actual can is apparent from the facts that: (a) the can appears to float above a shadow, and is not actually resting on any surface; (b) the blue background of some areas, such as the word **WAVE,** is pixelated, which is not how it would appear on a  photograph of a real soda can; and (c) the characters **12 FL OZ  (355 mL)** are not properly aligned and may have been manipulated to give the appearance that they appear on a curved surface (see screen capture of specimen shown below):



82. It is well established that mock-ups of packaging are not suitable specimens to demonstrate *actual* use in commerce.  *See* Trademark Manual of Examining Procedure

(TMEP) Section 904.04(a) (emphasis added): "[T]he specimen may not be a 'picture' of the mark, such as an artist's rendering, a printer's proof, a computer graphic that merely illustrates what the mark looks like, *or an image of the goods or its packaging or advertising matter for services that has been digitally created* or altered to include the mark. Such items do not show actual use of the mark on or in connection with the goods or services in commerce and registration must be refused under Sections 1 and 45 of the Act."

## COUNT I

### (Declaration of Non-Infringement—

### 15 U.S.C. § 1051, et seq. and 28 U.S.C. § 2201)

83. Plaintiff incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth below.

84. This cause of action arises under the Declaratory Judgment Statute, 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, 15 U.S.C. §§ 1051, et seq.

85. As an actual justiciable controversy exists between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, Plaintiff seeks relief from this Court.

86. The Letter has placed Ocean Spray under reasonable anticipation of litigation threatening Ocean Spray's ongoing use of its trademark and trade dress.

87. Plaintiff Ocean Spray requests an order declaring that its use of the marks WAVE as part of the mark OCEAN SPRAY WAVE, and the OCEAN SPRAY WAVE trade dress do not infringe Wedge Water's alleged trademark and trade dress rights.

88. With respect to the word marks WAVE as part of the mark OCEAN SPRAY WAVE and   OCEAN SPRAY WAVE, Ocean Spray asserts priority over Wedge Water.

Even if the marks are confusingly similar, (which Ocean Spray does not concede), Ocean Spray has prior rights and is not infringing any claimed rights of Wedge Water.

89. With respect to the OCEAN SPRAY WAVE trade dress, Wedge Water has not articulated a protectable trade dress, nor is the OCEAN SPRAY WAVE trade dress confusingly similar to the Wedge Water Products.

90. With respect to the claims as to Ocean Spray's marketing in The Letter, Ocean Spray requests a declaration that this is not false or misleading advertising.

## COUNT II

### (Cancellation of Registration No 5571632. Priority and Likelihood of Confusion--

### 15 U.S.C. §§ 1064 and 1119)

91. Plaintiff incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth below.

92. This cause of action arising under The Lanham Act, 15 U.S.C. §§ 1064 and 1109, is for cancellation of Wedge Water's registration for NEW WAVE, Registration No 5571632 (the "NEW WAVE Registration.").

93. Section 37 of the Lanham Act, 15 U.S.C. § 1119, provides that in "any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore cancelled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."

94. Section 14 of the Lanham Act, 25 U.S.C. Section 1064, provides for cancellation of any registration that is less than five years old by anyone who believes s/he will be damaged by the registration of said mark.

<u>Priority and Likelihood of Confusion</u>

95. Ocean Spray has standing to request cancellation of the NEW WAVE Registration because it has reason to believe that it will be injured by the continued registration of same.

96. Ocean Spray has reason to believe that it will be injured because Defendant/Registrant or its alter ego, the purported Wave Soda, LLC, has asserted in The Letter that Ocean Spray's use of its OCEAN SPRAY WAVE trademark infringes the NEW WAVE mark.

97. The Letter asserts, and thus admits, that there is a likelihood of confusion between OCEAN SPRAY WAVE and NEW WAVE.

98. If The Letter is correct, then a likelihood of confusion would injure Ocean Spray if consumers were to be confused as to the relationship between Ocean Spray and Wedge Water, LLC based on the  alleged similarity of the word marks NEW WAVE and OCEAN SPRAY WAVE.

99. On information and belief, Defendant/Registrant can establish no rights in the mark NEW WAVE prior to 2016.

100.     Ocean Spray has used the mark OCEAN SPRAY WAVE in connection with fruit-juice beverages since at least as early as 2013.

101.     Ocean Spray is the owner of U.S. Trademark Registration No. 4641901 for the mark OCEAN SPRAY WAVE, for fruit juice and fruit juice drinks, issued November 18, 2014, based on a filing date of March 22, 2013.

102.     On information and belief, Defendant/Registrant can show no rights in its claimed mark NEW WAVE that predate Ocean Spray's rights in the mark OCEAN SPRAY WAVE.

103.     Therefore, Ocean Spray requests that the NEW WAVE Registration be cancelled.

## COUNT III

### (Cancellation of Registration No. 5571632 –

### Fraud on the Trademark Office—15 U.S.C. §§ 1119 and 1064)

104.     Plaintiff incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth below.

105.     This cause of action is for cancellation of the NEW WAVE Registration for fraud on the USPTO.

106.     Registrant Wedge Water, LLC, knowingly made a false representation, which it knew or believed to be false, through counsel, to the USPTO which is material to the registrability of the mark, when it submitted a fake specimen of use of the mark NEW WAVE to the USPTO with the intent to deceive the USPTO and induce reliance by the USPTO with respect to the registrability of the mark.

107.     Registrant Wedge Water knowingly made a false representation, through counsel, to the USPTO, which representation was material to the registrability of the mark, when it filed a sworn declaration that the mark NEW WAVE was in use on all the goods listed in the Notice of Allowance, when it was not, with the intent to deceive the USPTO and induce reliance by the USPTO with respect to the registrability of the mark.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court

a.   enter an order declaring that Ocean Spray is not infringing any valid, enforceable trademark or trade dress right in the marks WAVE, NEW WAVE, or any trade dress owned or allegedly owned by Wedge Water, LLC and/or Wave Soda, LLC;

b.   enter an order declaring that Ocean Spray is not engaged in false or misleading advertising with respect to its OCEAN SPRAY WAVE products;

c.   certify an Order to the Director of the USPTO to cancel U.S. Trademark Registration No. 5571632 for the mark NEW WAVE, pursuant to 15 U.S.C. § 1119;

d.   award attorneys' fees, costs and expenses to Ocean Spray; and

e.   grant Ocean Spray such other and further relief as this Court may deem just and proper.

Dated: April 22, 2021                    Respectfully Submitted,


By: /*John R. Snyder*/

John R. Snyder
BBO No. 471480
Potomac Law Group
101 Federal Street, Suite 1900
Boston, MA 02110
Tel: (617) 285-1790 | Fax: 617-830-9994
jsnyder@potomaclaw.com

Of Counsel:

Julia Anne Matheson
Janet F. Satterthwaite
Potomac Law Group
Suite 700
1300 Pennsylvania Ave NW
Washington DC 20004
jmatheson@potomaclaw.com
jsatterthwaite@potomaclaw.com
Tel: 202-486-1578

*Attorneys for Plaintiff, Ocean Spray Cranberries, Inc.*