IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Ocean Spray Cranberries, Inc.,**     )<br>                                                          )<br>              Plaintiff,                       )<br>                                                          )<br>      v.                                              )<br>                                                          )<br>**Wedge Water, LLC**                     )<br>**d/b/a/ Wave Soda,**                    )<br>                                                          )<br>              Defendant                     )<br>_____)  | C.A. No. 1:21-10669-MLW |

<u>DECLARATION OF JANET F. SATTERTHWAITE</u>

1. I am over 18 years of age and suffer no legal disabilities that prevent my filing this declaration.

2. My law firm is counsel to Defendant Ocean Spray Cranberries, Inc. ("Ocean Spray").

3. A phenomenon in social media is the use of paid "influencers" to talk up a brand.

4. It appears that Steph Barkley is a paid influencer for Wedge Water, LLC. The photo below is a screen shot from her Instagram feed. It appears to be dated May 20, 2020, and announces a "paid partnership with Newwavesoda."



1

5. An Instagram video posted by Steph Barkley on or about April 15, 2021, appears to accuse Ocean Spray of knocking off New Wave Soda's product.

6. The April 15 post does not appear close to the post from May 2020 announcing the paid relationship.

7. Our paralegal saved a copy of this video post on or about April 20, 2021, and we can provide a copy to the Court if requested to do so.

8. I provide here what I believe is an accurate account of what Ms Barkley said in her post.

9. Ms Barkley claims that a link to web page featuring the Ocean Spray Wave product was sent to her by "a friend."

10. She says, "you guys know I love Wave Soda."

11. She then says, "And then Ocean Spray with tons of manpower, can just come in and be like '*we* made Wave Soda, just now.' And I'm thinkin', wow, is that how it works—big businesses can just bully small businesses like that?"

12. She mentions that the OCEAN SPRAY WAVE product has the same ingredients as Wave Soda.

13. She does not disclose in this post, however, that she is a paid influencer for New Wave Soda.

14. Wedge Water comments favorably on her post, without disclosing the relationship:

> newwavesoda
> Wow thank you Stephanie! Feeling the love ♡ We are aware of Ocean Sprays eerily familiar product, and hope to be able to come to a friendly agreement soon. Thank you everyone for your support. You guys are rad 👍

15. Exhibit A hereto is an excerpt from Wedge Water's website. www.wavesoda.com. The web page says

> WHAT IS THE STORY BEHIND YOUR GRAPHICS?
>
> They're all based around the California surf culture! It all started with a sign.
>
> When our CEO and Founder, Nat, would rock his baby to sleep, he would look at a sign that highlighted some of the best surf beaches along the coast of California. This sign was the inspiration for our graphics!
>
> If you look at a can of our flavored sparkling water, you will notice that there is a different beach highlighted on each flavor of our cans. Our [Blackberry Soda](#) highlights Stinson, [Tangerine Soda](#) is Mavericks, [Apple Soda](#) is Rincon, [Grapefruit Soda](#) is Malibu, [Mango Soda](#) is Huntington Beach, [Cucumber Soda](#) is The Wedge, and [Blueberry Soda](#) is Ocean Beach.
>
> We have other hidden graphics on our cans of healthy soda. Can you figure out what they are?

16. According to Wikipedia, AB InBev is a shorthand for Anheuser-Busch InBev SA/NV, one of the world's largest drink and brewing companies.

17. According to www.zx-ventures.com, ZX Ventures is a venture capital company affiliated with AB InBev, with a "mandate from Anheuser-Busch InBev to nurture, support, and grow the products and services of tomorrow. We build, grow and invest in businesses across industries – from consumer products to technology and everything in between."

18. On Monday, May 10, 2021, at 12:28 am, I received an email from counsel for Wedge Water, Andrew Levine, asking for a telephone call at 10:30 a.m. Pacific Time that day. Exhibit B hereto is a copy of his email requesting a call. He did not state the purpose of the call.

19. We agreed to the time and had the call. On that call, Mr. Levine demanded again that we provide him with discovery in the California case that he had previously demanded by email (Dckt 12 Exh 8). We refused. He said he was going to file a motion to obtain early discovery.

20. We reminded him that venue has not yet been decided, and that our Motion to Stay is currently pending in the California litigation, seeking a stay pending *this* Court's determination as to venue.

21. We offered to jointly request that the California Court expedite the briefing schedule on the Motion to Stay, but Mr. Levine refused.

22. Exhibit C hereto is Mr. Levine's subsequent email to us and our response.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Date: May 10, 2021                                /s/ Janet Satterthwaite
                                                  Janet Satterthwaite
                                                  (*Pro hac vice* motion filed)
                                                  Potomac Law Group
                                                  Suite 700
                                                  1300 Pennsylvania Ave NW
                                                  Washington DC 20004
                                                  jsatterthwaite@potomaclaw.com
                                                  Tel: 202-486-1578

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May, 2021, the foregoing Declaration was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *John R. Snyder*

# Exhibit A



INGREDIENTS

DRINKS  SIGN IN  MERCH   0

LEARN

Kylee Hoynacki    January 4, 2018

# WHAT IS THE STORY BEHIND YOUR GRAPHICS?

They're all based around the California

surf culture! It all started with a sign.

When our CEO and Founder, Nat, would rock his baby to sleep, he would look at a sign that highlighted some of the best surf beaches along the coast of California. This sign was the inspiration for our graphics!

If you look at a can of our flavored sparkling water, you will notice that there is a different beach highlighted on each flavor of our cans. Our Blackberry Soda highlights Stinson, Tangerine Soda is Mavericks, Apple Soda is Rincon, Grapefruit Soda is Malibu, Mango Soda is Huntington Beach, Cucumber Soda is The Wedge, and Blueberry Soda is Ocean Beach.

We have other hidden graphics on our cans of healthy soda. Can you figure out what they are?

Check out another blog!

FILTER BY

apple

blackberry

Blueberry

Cucumber

FAQ

Grapefruit

Mango

Tangerine

Wave

# ABOUT

# MORE WAVE

# HELP

# SEND ME A COUPON

## ABOUT

Reviews

Careers

News

Press

## MORE WAVE

Blog

Rewards Program

Give $5, Get $5

Bigger Than A Can

Influencers

Download App

# HELP

My Account

Track Order

Contact Us

Returns Policy

Terms of Service

Privacy Policy

# SEND ME A COUPON

First name

Last name

Email address

SIGN UP

   

© 2019 Healthy Soda Alternative, Sorta Soda | Wave Soda. All Rights Reserved. Customer Service Hours: Monday - Friday 9:00am - 5:00pm Pacific Standard Time

# Exhibit B

## Wave Soda v Ocean Spray

Andrew Levine <levine@braunhagey.com>
Mon 5/10/2021 12:28 AM
**To:** Janet Satterthwaite <jsatterthwaite@potomaclaw.com>

⚠ **EXTERNAL**

Janet – Hope you had a nice weekend.  Do you have a moment tomorrow to chat?  How does 10:30 am PT work for you?  Thanks.

Andrew Levine
**BRAUNHAGEY & BORDEN** LLP
Direct:  (415) 599-0207

**San Francisco**
351 California St., 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

**New York**
7 Times Square
27th Floor
New York, NY 10036-6524
Tel. & Fax: (646) 829-9403

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.

# Exhibit C

**Re: Wave Soda v. Ocean Spray, No. 21-809 GPC BLM (S.D. Cal. 2021)**

Janet Satterthwaite <jsatterthwaite@potomaclaw.com>
Mon 5/10/2021 2:55 PM

**To:** Andrew Levine <levine@braunhagey.com>; Julia Anne Matheson <jmatheson@potomaclaw.com>; Marci Lerner Miller <mmiller@potomaclaw.com>
**Cc:** Toby Rowe <rowe@braunhagey.com>; Gunnar Martz <Martz@braunhagey.com>; Gunnar Martz <Martz@braunhagey.com>

Andrew,

You are correct that we refused to provide you with discovery responses over the phone and instead advised you that we planned to follow the rules. We are not aware of any obligation we have to provide you with discovery in response to an email or a phone call. Nor is it appropriate for you to assume that because we did not provide you with any such information, that your assumptions about our client's alleged plans and intentions to rapidly expand distribution of its product are somehow proven.

We also note that you said you wanted to have a call today, but did not tell us why you wanted to talk to us. In future, if you wish to schedule a meet and confer, we expect you to tell us the purpose of the requested call.

According to your April 9 demand letter, it is beyond obvious, in your view, that Ocean Spray is infringing, so we do not see why now, suddenly, you need discovery before you can even file a PI motion. As noted on our call, we interpret your claimed need for discovery as an admission that you do not have grounds for a PI without a fishing expedition.

We asked why you need discovery before filing a PI. You claimed that you need discovery to  make your motion "stronger." That does not meet any standard for *ex parte* emergency discovery.

Your email also fails to note that we explained on our call today that it was inappropriate for you to move ahead in the California case before the Massachusetts Court has decided your motion to transfer.

We also do not understand why your motion need to be *ex parte*.  We need to

have an opportunity to oppose it and plan to do so.  We also note your continued failure, despite multiple reminders, to file a notice of related case with the Court.  We now find that suspicious.

You are not happy that you failed to anticipate that we would file in Massachusetts, but the fact remains that we did. Massachusetts is the first-filed forum, and you need to wait until venue is determined before moving forward. It appears that your preference of your local court outweighs any sense of true urgency around seeking a PI. As we noted, if you truly believed that a PI was so urgent, you would seek it in Massachusetts in order to get to the merits as soon as possible, and not waste time arguing over venue.

We also offered in our call today to propose jointly to the California court that the Court expedite the briefing and hearing schedule on the motion to stay. You refused, and dismissed our motion to stay as irrelevant because *you* think we should not have filed first.

Janet


**Janet F. Satterthwaite** | Partner/ Chair, Trademark Practice | Potomac Law Group, PLLC
1300 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004
Tel: (202) 486-1578 | Fax: (202) 318-7707
jsatterthwaite@potomaclaw.com | www.potomaclaw.com

https://www.potomaclaw.com/professionals-janet-f-satterthwaite



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

---

**From:** Andrew Levine <levine@braunhagey.com>
**Sent:** Monday, May 10, 2021 2:12 PM
**To:** Janet Satterthwaite <jsatterthwaite@potomaclaw.com>; Julia Anne Matheson <jmatheson@potomaclaw.com>; Marci Lerner Miller <mmiller@potomaclaw.com>

**Cc:** Toby Rowe <rowe@braunhagey.com>; Gunnar Martz <Martz@braunhagey.com>; Gunnar Martz <Martz@braunhagey.com>
**Subject:** Wave Soda v. Ocean Spray, No. 21-809 GPC BLM (S.D. Cal. 2021)

⚠ **EXTERNAL**

Janet / Julie –

On March 3, 2021, Plaintiff Wedge Water LLC dba Wave Soda ("Wave') requested that Defendant Ocean Spray Cranberries, Inc. ("Ocean Spray") provide Wave with information regarding a narrow set of topics related to Wave's contemplated motion for preliminary injunction, which will seek to protect Wave from further irreparable harm occasioned by Ocean's Spray launch of its infringing products via Walmart and Sam's Club and its likely imminent expansion into additional retail channels.  Ocean Spray refused to provide the requested information.

Earlier today at 10:30 am PT, we spoke by telephone to reiterate Wave's request for the information identified in my May 3, 2021 email and to provide notice of Wave's intend to file an ex parte application later today with Judge Curiel.   As with our previous exchange, you indicated that Ocean Spray would not provide the requested information and will oppose Wave's application.  I also note that during our call I asked whether Ocean Spray had imminent plans to launch its infringing Ocean Spray WAVE product into new retail channels in the near future.  You refused to answer.

Please take this as formal notice (following up on our March 3 exchange and call this morning) that later today, May 10, 2021, Wave intends to file an Ex Parte Application For Expedited Discovery in Support of Preliminary Injunctive Relief.

Regards,
Andrew


Andrew Levine
**BRAUNHAGEY & BORDEN** LLP
Direct:  (415) 599-0207

**San Francisco**
351 California St., 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

**New York**
7 Times Square
27th Floor
New York, NY 10036-6524
Tel. & Fax: (646) 829-9403

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.