IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OCEAN SPRAY CRANBERRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> WEDGE WATER, LLC D/B/A WAVE SODA, <br><br> Defendant. | C.A. No. 1:21-cv-10669-MLW |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A STATUS CONFERENCE

Defendant Wedge Water LLC d/b/a Wave Soda ("Wave") respectfully submits that Plaintiff Ocean Spray Cranberries, Inc.'s ("Ocean Spray's") Motion for a Status Conference, Dkt. No. 20, should be denied because a separate status conference is unnecessary. The venue issues that Ocean Spray seeks to discuss at a status conference have already been fully briefed in connection with Wave's pending Motion to Transfer. *See* Dkt. Nos. 10, 18, 19-1. Wave has respectfully requested that the Motion to Transfer be set for hearing at the Court's convenience, Dkt. No 19-1, Proposed Reply at 7, and Ocean Spray has joined in that request, Dkt. No. 20 at 2. Thus, the separate status conference that Ocean Spray seeks would be redundant of the hearing that the parties have already jointly requested.

Ocean Spray's claim that a status conference is necessary for purposes of "imposing some procedural order on this dispute," Dkt. No. 20 at 2, is inaccurate. Wave's Motion to Transfer in this action has been fully briefed in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. Likewise, Wave's motion for expedited discovery in the Southern District of California has been fully briefed in accordance with the Federal Rules of

1

Civil Procedure and that Court's Local Rules and will be decided in due course. Dkt. No. 19-1, Levine Decl. Exs. 1, 2.

Scheduling a separate status conference will not save party or judicial resources. The opposite is true, as a separate status conference will merely multiply and delay the proceedings rather than resolve any issues. This is especially true if Ocean Spray intends to use the pendency of a status conference to seek to delay the California Court's forthcoming decision on expedited discovery or otherwise frustrate Wave's ability to obtain relief.

While Wave does not believe a separate status conference is necessary, it does believe a prompt hearing on its Motion to Transfer would be beneficial if the Court wishes to hear further from the parties. Wave's counsel is not available May 20 or 21, but is available May 24, 25, and 28 and the weeks of May 31, June 7 and 14, except June 8. In the event the Court schedules a hearing, Wave respectfully requests that its counsel be granted leave to attend such hearing by remote means.

Dated: May 20, 2021                                    Respectfully Submitted,

                                             **WEDGE WATER, LLC**
                                             **D/B/A WAVE SODA,**

                                             *By its attorneys*,

                                             /s/ *Keith Toms*
                                             Keith Toms (BBO# 663369)
                                             Alexander T. Hornat (BBO# 687588)
                                             McCARTER & ENGLISH, LLP
                                             265 Franklin Street
                                             Boston, MA 02110
                                             Phone: 617-449-6500
                                             ktoms@mccarter.com
                                             ahornat@mccarter.com

                                             Andrew Levine (*pro hac vice pending*)
                                             J. Tobias Rowe (*pro hac vice pending*)
                                             BRAUNHAGEY & BORDEN LLP
                                             351 California Street, 10th Floor
                                             San Francisco, CA 94104
                                             Phone: 415-599-0210
                                             levine@braunhagey.com
                                             rowe@braunhagey.com

## CERTIFICATE OF SERVICE

      I hereby certify that, on this 20th day of May 2021, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                                               */s/ Keith Toms*
                                                                               Keith Toms