UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OCEAN SPRAY CRANBERRIES, INC., Plaintiff, v. WEDGE WATER, LLC D/B/A WAVE SODA, Defendant. | C.A. No. 1:21-cv-10669 |

MEMORANDUM AND ORDER

WOLF, D.J.                                                June 18, 2021

Plaintiff Ocean Spray Cranberries, Inc. ("Ocean Spray") has brought a trademark infringement suit against Wedge Water, LLC. ("Wedge Water"). One day after Ocean Spray filed its complaint in this district, Wedge Water filed suit in the Southern District of California seeking damages and injunctive relief based on Ocean Spray's alleged trademark infringement and unfair competition under California law.

Wedge Water has now moved to transfer this case to the Southern District of California so it may be consolidated with the pending action there. For the reasons discussed below, the motion to transfer is being denied.

Ocean Spray is a Delaware corporation with a principal place of business in Middleboro, Massachusetts. See Complaint (Dkt. No. 1) at ¶6. Wedge Water is a Delaware limited liability company

headquartered in San Marcos, California. See id. at ¶23. The parties each sell a line of sparkling fruit juice products in single-serve soda cans which display a wave motif. See id. at ¶¶21-22, 26-28. Ocean Spray sells its beverages under an "Ocean Spray Wave" trademark, Registration No. 4641901. Id. at ¶¶12-13. Wedge Water sells its own products under a "New Wave" trademark, Registration No. 5571632. Id. at ¶41.

On April 9, 2021, Wedge Water sent a cease-and-desist letter to Ocean Spray accusing it of infringing Wedge Water's "New Wave" trademark and trade dress by selling its "Ocean Spray Wave" products (the "Demand Letter"), and threatening suit if its claims were not resolved by agreement. See Complaint at ¶¶47-49; see also Demand Letter, Exhibit 2 to Complaint (Dkt. No. 1-1). The Demand Letter also claimed that Ocean Spray deliberately copied Wedge Water's formula, trademark, trade dress, and marketing. See id. at ¶58; see also Letter at 4. Ocean Spray responded to the Demand Letter on April 20, 2021, denying all of Wedge Water's claims. See id. at ¶61; see also Ocean Spray's Apr. 20, 2021 Response Letter (the "Response"), Exh. 3 to Complaint (Dkt. No. 1-1).

Two days later, on April 22, 2021, Ocean Spray filed its complaint in this court. See Complaint (Dkt. No. 1). It seeks a declaratory judgment that it has not infringed Wedge Water's trademark and trade dress or otherwise engaged in false or

misleading advertising by selling its Ocean Spray Wave products. See id. at ¶¶83-90. Ocean Spray also requests that the court cancel Wedge Water's "New Wave" trademark under the Lanham Act, 15 U.S.C. §§1064 and 1109, because that trademark is likely to confuse consumers, see id. at ¶¶91-103, and was secured through fraud on the Trademark Office, see id. at ¶¶104-107.

The next day, April 23, 2021, Wedge Water filed suit in the Southern District of California seeking damages and injunctive relief based on Ocean Spray's alleged trademark infringement and unfair competition under California law. See Wedge Water, LLC v. Ocean Spray Cranberries, Inc., No. 3-21-cv-00809 (the "California Case"), Complaint (Dkt. No. 1) (filed in this action as Dkt. No. 12-1). There is now pending in the California Case a motion to stay that case until this court determines which district is the most appropriate venue. See Plaintiff's Request for a Status Conference (Dkt. No. 20) at 1.

On May 3, 2021, Wedge Water filed its motion to transfer this case to the Southern District of California (Docket No. 10) (the "Motion") with a supporting memorandum of law (Docket No. 11) (the "Memorandum") and two affidavits (Docket Nos. 12-13). Ocean Spray filed its opposition on May 10, 2021 (Docket No 18) (the "Opposition"). Wedge Water filed a reply on May 18, 2021. Dkt. No. 19-1 (the "Reply").

3

Wedge Water's Motion is governed by 28 U.S.C. §1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.[1]

Courts consider several factors when assessing whether transfer is warranted under §1404(a), including: "1) the plaintiff's choice of forum, 2) the convenience of the parties, 3) the convenience of witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public interest at stake." Kleinerman v. Luxtron Corp., 107 F. Supp. 2d 122, 125 (D. Mass. 2000). See also Brant Point Corp. v. Poetzsch, 671 F. Supp. 2, 3-5 (D. Mass. 1987) (discussing relevant considerations under §1404(a)); Wright & Miller, 15 Federal Practice & Procedure §§3847-3854 (4th ed.) (2021) (factors governing transfer of venue).

In this case, plaintiff's choice of forum is entitled to little weight. Although there is usually "a presumption in favor of the plaintiff's choice of forum," CardiAQ Valve Techs., Inc. v. Neovasc, Inc., 52 F. Supp. 3d 313, 315 (D. Mass. 2014), "giving priority to the first-filed case is not a rigid rule."

---

[1] Ocean Spray does not argue that this action could not have originally been brought in the Southern District of California. Because Wedge Water has its principal place of business and, therefore, "resides" in that district, Ocean Spray could have filed suit there. 28 U.S.C. §1391(b)(1).

4

Davox Corp. v. Digital Sys. Int'l, Inc., 846 F. Supp. 144, 147 (D. Mass. 1993). "The factors relevant to wise administration here are equitable in nature." Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183(1952). A court will not presume that the first-filed forum is proper "'where a party has won the race to the courthouse by misleading his opponent into staying his hand in anticipation of negotiation, or by reacting to notice of imminent filing by literally sprinting to the courthouse the same day.'" Transcanada Power Mktg., Ltd. v. Narragansett Elec. Co., 402 F. Supp. 2d 343, 348 (D. Mass. 2005) (quoting Veryfine Prod., Inc. v. Phlo Corp., 124 F. Supp. 2d 16, 22 (D. Mass. 2000)).

Ocean Spray outraced Wedge Water to the courthouse by filing its anticipatory suit in this district. On April 9, 2021, Wedge Water informed Ocean Spray that:

> Unless the parties can reach a mutually satisfactory resolution, [Wedge Water] intends to file suit to remedy Ocean Spray's infringement in the United States District Court for the Southern District of California.

Demand Letter (Docket No. 1-1) at 11 of 15. Faced with this threat of litigation, Ocean Spray responded:

> While Ocean Spray has no interest in litigating this matter, should you commence litigation, our client would be forced to counterclaim, at the very least, to cancel your client's registration based on our client's prior rights.

Response (Docket No. 12-3) at 5 of 5. Nevertheless, two days later, Ocean Spray filed suit in this district seeking a declaratory judgment that it had not infringed Wedge Water's trademark. See Complaint (Docket No. 1).

Where, as here, "the party that ordinarily would be the plaintiff is prepared to sue but delays filing in an effort to achieve a settlement, a preemptive filing of a mirror image claim will likely be treated as an improper anticipatory suit." Gary P. Naftalis, Michael S. Oberman, and Alan R. Friedman, 1 Bus. & Com. Litig. Fed. Cts. § 3:50 (4th ed.) (2020). "[I]n cases such as this the circumstances demonstrate that the winner of the race to the courthouse should not enjoy the presumption of preferable venue." OsComp Sys., Inc. v. Bakken Exp., LLC, 930 F. Supp. 2d 261, 274 (D. Mass. 2013).

However, Ocean Spray's conduct was not so inequitable that the court will decline to exercise jurisdiction over this declaratory judgment action. Ocean Spray did not affirmatively mislead Wedge Water, such as by stating that it would engage in further settlement talks or that it would take other steps before filing suit. Cf. Davox Corp., 846 F. Supp. at 146-47. Therefore, by retaining this action, the court would not be "reward[ing]—and indeed abet[ing]—conduct which is inconsistent with the sound policy of promoting extrajudicial dispute

resolution, and conservation of judicial resources." Id. at 148.

The court is instead considering the other §1404(a) factors to determine whether proceeding in the District of Massachusetts or in the Southern District of California would best serve "the convenience of parties and witnesses" and the "interest of justice." 28 U.S.C. §1404(a). It concludes that these ends would be best served by litigating this action in Massachusetts.

After the plaintiff's choice of forum, the convenience of witnesses is "'probably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer.'" Pierce v. Biogen U.S. Corp., 2019 WL 2107278, at *4 (D. Mass. May 14, 2019) (quoting U.S. ex rel. Ondis v. City of Woonsocket, Rhode Island, 480 F. Supp. 2d 434, 437 (D. Mass. 2007)). "The court must consider the number of witnesses located in both the transferor and putative transferee districts, the nature and quality of the testimony of these witnesses, and whether or not the witnesses can be compelled to testify." Rimowa GmbH v. Heys (USA), Inc., 2012 WL 3059428, at *2 (D. Mass. July 27, 2012).

The convenience of witnesses weighs in favor of litigating this action in Massachusetts. In essence, the parties dispute whether Ocean Spray improperly misappropriated Wedge Water's "Wave" good will. The testimony of Ocean Spray's employees

7

regarding the development of its allegedly infringing products will be important to resolving this central issue. See ESPN, Inc. v. Quiksilver, Inc., 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008) ("In an infringement action, the most critical witnesses may be those officers and employees who were involved in the design, production, and sale of the allegedly infringing products"). The court infers that those employees are located in Massachusetts, where Ocean Spray is headquartered. See Complaint (Dkt. No. 1) at ¶6; Opposition (Dkt. No. 18) at 12.[2] Although Wedge Water argues that the testimony of retailers will be important for determining whether Ocean Spray's products and the promotion of them have confused potential customers, those retailers are not located exclusively in the Southern District of California or in any other district. Accordingly, the convenience of the witnesses suggests that Massachusetts is the most appropriate venue.

For similar reasons, the location of relevant documents and ease of access to proof supports proceeding in the District of Massachusetts. See Quicksilver, Inc. v. Acad. Corp., 1998 WL 874929, at *3 (N.D. Tex. Dec. 3, 1998) ("Because this is a

---

[2] Ocean spray states in its Opposition that "[its] documents are located, and [its] witnesses will need to be deposed, in Massachusetts." Opposition (Docket No. 18) at 12. Ocean Spray does not verify this in its affidavit. See Dkt No. 18-1. The court is ordering that, by June 23, 2021, Ocean Spray do so or correct any misrepresentation(s) in its Opposition.

trademark infringement action, it is likely that much of the evidence would be located at [the alleged infringer's] principal place of business"); ESPN, Inc., 581 F. Supp. 2d at 549 (accord). Although this factor is not as important as the convenience of witnesses, it lends further support to the conclusion that this case should proceed in Massachusetts.

Wedge Water has not shown that there are competing considerations which weigh strongly in favor of transferring this case to the Southern District of California. The convenience of the parties – two corporate entities with at least some business activity in both Massachusetts and California – does not favor either forum. Similarly, neither forum has a stronger connection to this case. Wedge Water argues, possibly incorrectly, that California law governs some of the issues in this case, particularly California common law concerning trademarks and foreseeable counterclaims which Wedge Water would file if the California Case is transferred to the District of Massachusetts. However, federal courts often apply laws of various states in cases based on diversity jurisdiction. If necessary, the court could interpret and apply California law in this case. In any event, the fact that California law may apply to some issues does not outweigh the interest of adjudicating this case in the district where most of the key witnesses and documents are located.

After weighing the relevant considerations, the court concludes that transferring this case to the Southern District of California would not further "the convenience of parties and witnesses" and the "interest of justice." 28 U.S.C. §1404(a). Therefore, the court is not allowing Wedge Water's Motion to Transfer on this ground.

In a footnote, Wedge Water argues in the alternative that this court lacks personal jurisdiction over it and, therefore, asks that the court transfer this case to the Southern District of California pursuant to 28 U.S.C. §1631. Section 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action [] to any other such court . . . .

28 U.S.C. §1631. This statute's reference to "'want of jurisdiction' encompasses both personal and subject matter jurisdiction," and, therefore, "permits a federal court to order transfer where it lacks either." Fed. Home Loan Bank of Bos. v. Moody's Corp., 821 F.3d 102, 114 (1st Cir. 2016) (quoting 28 U.S.C. §1631), abrogated on other grounds by Lightfoot v. Cendant Mortg. Corp., 137 S. Ct. 553 (2017).

However, the First Circuit has "repeatedly held that arguments raised only in a footnote or in a perfunctory manner are waived." Nat'l Foreign Trade Council v. Natsios, 181 F.3d

38, 61, n.17 (1st Cir. 1999), aff'd sub nom. Crosby v. Nat'l Foreign Trade Council, 530 U.S. 363 (2000); see also United States v. Medtronic, Inc., 189 F. Supp. 3d 259, 282 (D. Mass. 2016) (declining to dismiss on basis of cursory argument in footnote). If Wedge Water files a motion to dismiss for lack of personal jurisdiction, it will be fully briefed and the court will decide it. However, Wedge Water's cursory reference to lack of jurisdiction does not provide a basis for a transfer that is otherwise unjustified.

In view of the foregoing, it is hereby ORDERED that:

1. Wedge Water's Motion to Transfer (Docket No. 10) is DENIED.

2. By June 23, 2021, Ocean Spray shall file an affidavit verifying that the majority of its anticipated witnesses and relevant documents are located in the District of Massachusetts, or correcting any misrepresentation(s) in its Opposition.

3. After the motion to stay the California Case is decided, the parties shall confer and report, jointly if possible, the result of that decision, and whether that case will or may be transferred to the District of Massachusetts.

/s/ _____
UNITED STATES DISTRICT JUDGE